# Foreman *versus* Ahl.

1. Foreman bought from Ahl fifteen mules on Sunday and gave his note for them on that day; two of the mules were not delivered until Monday. *Held*, there could be no recovery on the note.

2. The contract may be treated as the purchase of fifteen mules *per capita* and the delivery mule by mule; Ahl could not recover for the thirteen mules, but might for the two, as a contract commenced on Sunday and consummated on Monday.

3. Courts will not undo a bargain made on Sunday if the parties have fully executed it, but the law will not lend its aid to either party to enforce such a bargain.

[Foreman *v.* Ahl.]

4. Such contract is worldly employment upon the Lord's day in violation of the divine law and the Statute of 1794, and is void.

5. In a suit by the endorsee against the maker of the note, the payee who had endorsed it is not a competent witness for the plaintiff although released.

6. Evans *v.* Dela, 11 Casey 451, remarked upon.

7. The endorser would not be a witness, although the suit were on the consideration of the note, because he would then be an assignor of a chose in action.

May 17th 1867.   Before WOODWARD, C. J., THOMPSON and AGNEW, JJ.   STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Cumberland county.*

This was an action of debt by Carey W. Ahl, against Frederick Foreman, commenced May 12th 1865.   The same day the plaintiff filed the following statement of his cause of action:—

The plaintiff's claim in this action is founded on a promissory note of the defendant to J. W. Ahl, dated the 20th March 1865, for $2560, payable thirty days after date, upon which there is a credit of $160 as of the day upon which the said note was given, leaving a balance due of $2400, and the note was endorsed before maturity, for a valuable consideration, to Carey W. Ahl, the plaintiff.

The plaintiff entered a rule of reference,—the arbitrators reported June 3d 1865, in his favor.   The defendant the same day appealed, and the plaintiff's attorney signed the following agreement which was then filed:—

" Carey W. Ahl *v.* Frederick Foreman, Common Pleas of Cumberland county, No. 20, August Term, 1865.

I agree, upon the discontinuance of the suit of Foreman *v.* Ahl, the defendant in this case shall make any defence legal or equitable which could be made by him if the note was still in the hands of the payee and suit had been brought in his name reserving the right to use the payee as witness if competent."

The counsel of the parties, on the 20th of September 1865, entered into this agreement:—

" It is agreed that this case shall be considered at issue on the present pleadings, and that the plaintiff may, under his *narr.* now filed, offer any evidence which would entitle him to recover, either on the note sued upon, or upon the common counts in assumpsit. And the defendant, under the plea of payment, may offer any evidence which would be admissible under any plea, general or special, and which may be an answer either in whole or in part to the plaintiff's cause of action.   The case to be put on the trial list for the second week of the November Term, A. D. 1865, and to be then tried unless there is some good, legal ground of continuance."

On the trial, February 20th 1867, before Graham, P. J., the plaintiff gave in evidence a note dated March 20th 1865, viz.:

[Foreman v. Ahl.]

Frederick Foreman to James W. Ahl, payable in thirty days for $2560, on which is endorsed a credit of the same date, for $160. The note was endorsed "James W. Ahl, Peter Brough."

The defendant then gave evidence that on Sunday night the 19th of March 1865, he met James W. Ahl, the payer of the note, at the William Penn Hotel, in Philadelphia, and on informing him that he (defendant) wished to purchase some mules for the government, Ahl said he had sixteen then for sale, that they went to the yard where the mules were and looked at them by the light of a lantern; there were two there which Ahl said did not belong to him, but that he would fill up the number on the next day; that they agreed on the price at $160, and went into the hotel, when Foreman gave Ahl his note for sixteen mules at $160 each, dating it March 20th. It was shortly afterwards ascertained that there were but fifteen mules, and a credit was entered on the note for $160, at the same date. The keeper of the William Penn Hotel testified that on the 19th of March, Ahl told him that he had sold a lot of mules to Foreman, and directed their "keep" to be charged to Foreman from that night; the innkeeper said he could not change his book that night as his book-keeper had gone to bed, but the book was changed the next morning, making the charge against Foreman. The next day (20th) Ahl procured two mules and replaced those not belonging to him with them. There was evidence of the unsoundness of the mules.

The plaintiff in rebuttal offered James W. Ahl as a witness; he was objected to as being an endorser on the note. The plaintiff executed a release to witness, who was still objected to, but admitted by the court and an exception taken.

There was evidence that Foreman offered Ahl $180 per head for the mules if they would stand the government inspection, which Ahl declined, but agreed to take $160, Foreman to stand the inspection.

The plaintiff submitted amongst others, the following points :—

1. If the jury believe that there were additional mules to be furnished after Sunday, the 19th March, to fill out the number as agreed between the parties on that day, and the price of these additional mules was included in the note given 19th March, though dated 20th March ; and on Monday Ahl put in some of these additional mules, and subsequently Foreman took these mules off : these subsequent circumstances are sufficient to prevent the note being void by reason of the drawing it on Sunday, and the plaintiff may recover on the note.

3. If the jury believe that the bargain was $160 a head, and that this bargain was consummated and ratified by Foreman taking off the mules after inspection, and subsequent to Sunday the 19th March, and if they believe there was no guaranty or fraud on

[Foreman *v.* Ahl.]

part of Ahl, the plaintiff is entitled to recover according to this agreement, and the pleadings in this case.

The court told the jury : "If the whole business was transacted on Sunday; if the mules were bought and delivered to Foreman on Sunday, the plaintiff cannot recover; but if the contract was not consummated by delivery of the mules until Monday morning, then the plaintiff may recover, if the mules at the time of sale were the property of the plaintiff;"

And in answer to the plaintiff's points said :—

1. "We cannot answer this point as requested. The bargain being made on Sunday, concluded and consummated on Sunday by the execution and delivery of the note to Mr. Ahl, there can be no recovery on the note under the Act of Assembly of 1794. Whether there can be a recovery on the common counts in the declaration, depends upon whether the whole transaction was consummated on Sunday night by delivery of the mules on Sunday night, or not until Monday morning, whether a fraud was practised on Mr. Foreman by Mr. Ahl, and whether the mules were at the time of sale the property of the plaintiff or of James W. Ahl."

3. "If the bargain was not consummated by delivery of the mules until after the 19th of March, and there was no guaranty or fraud by Ahl, the plaintiff may recover on the common counts in assumpsit in the declaration, if the jury believe the mules were the property of Carey W. Ahl at the time they were sold. If they were the property of James W. Ahl, then the plaintiff cannot recover in this action."

The defendant submitted points as to the validity of the contract as being made on Sunday (which were affirmed), and also on the question of fraud.

The verdict was for the plaintiff for $2426.72.

On removal of the case to the Supreme Court by the defendant, he assigned for error the admission of Ahl, the above instruction of the court, and the answers to the points.

*A. B. Sharpe* and *J. McD. Sharpe*, for the plaintiff in error, cited, as to the admission of James W. Ahl as a witness, Bailey *v.* Knapp, 7 Harris 192; Hatz *v.* Snyder, 2 Casey 511; Post *v.* Avery, 5 W. & S. 509; Evans *v.* Dela, 11 Casey 451; Patterson *v.* Reed, 7 W. & S. 147; McClelland *v.* Mahon, 1 Barr 364; Clover *v.* Painter, 2 Id. 46; Phinney *v.* Tracey, 1 Id. 173; Muirhead *v.* Kirkpatrick, 2 Id. 427; Haus *v.* Palmer, 9 Harris 296; Hartman *v.* Insurance Co., Id. 476; Lindsley *v.* Malone, 11 Id. 28; Graves *v.* Griffin, 7 Id. 176.

As to the validity of the contract and the delivery of the mules: Kepner *v.* Keefer, 6 Watts 231; 2 Parsons on Contracts 764; Dodson *v.* Harris, 10 Ala. 566.

[Foreman v. Ahl.]

*W. H. Penrose* and *W. H. Miller*, for defendant in error, cited, as to admissibility of Ahl, Helfenstein *v.* Leonard, 14 Wright 461; Evans *v.* Dela, 11 Casey 451; Post *v.* Avery, 5 W. & S. 509; 2 Parsons on Notes and Bills 464–471; Hawkins *v.* Cree, 1 Wright 494; Girard F. and M. Insurance Co. *v.* Marr, 10 Id. 504; Snyder *v.* Klose, 7 Harris 235.

As to validity of contract and the delivery of mules: Kepner *v.* Keefer, 6 Watts 231; Dodson *v.* Harris, 10 Ala. 566; Chitty on Contracts 335; Baker *v.* Lukens, 11 Casey 146; Sherman *v.* Roberts, 1 Grant 261; Uhler *v.* Applegate, 2 Casey 140.

The opinion of the court was delivered, November 7th 1867, by Woodward, C. J.—We have been considerably embarrassed in reviewing this case by the circumstance that the pleadings, if any were had, are not exhibited to us, but only certain agreements of counsel, which were substituted for the pleadings, and upon which the cause was tried and decided. It will be necessary to state the rise and progress of the cause, and the legal effect of these agreements, in order to an intelligent estimate of the errors assigned of record.

The action was debt by Carey W. Ahl, as endorsee, against Frederick Foreman, and a statement of the plaintiff's cause of action was filed, which set forth that his claim was founded on a promissory note of the defendant to J. W. Ahl, dated 20th March 1865, for $2560, payable 30 days after date, upon which was a credit of $160, leaving a balance of $2400, and that the note was endorsed before maturity for a valuable consideration to the plaintiff, C. W. Ahl.

This statement was filed May 12th 1865, and on 20th September 1865 the counsel filed a written agreement that the cause should be considered at issue upon the present pleadings and that the plaintiff may, under his *narr.* now filed, offer any evidence that would entitle him to recover either on the note sued upon or upon the common money counts in assumpsit. And the defendant, under the plea of payment, may offer any evidence which would be admissible under any plea general or special and which may be an answer either in whole or in part to the plaintiff's cause of action.

Before the date of this paper, to wit, on 30th June 1865, the plaintiff's counsel had agreed in writing that upon the discontinuance of a suit by Foreman *v.* Ahl, the defendant in this case might make any defence, legal or equitable, which could be made by him if the note was still in the hands of the payee, and suit had been brought in his name reserving the right to use the payee as a witness if competent.

Upon these papers the cause went to trial, and it turned out that the note was made and delivered on Sunday, whereupon the

learned judge ruled there could be no recovery *on the note*. But as the note was given for mules that were intended for the service of the government and some of the mules were not at hand to be delivered the Sunday night the note was given, the judge said, "whether there could be a recovery on the common counts of the declaration depended upon whether the whole transaction was consummated on Sunday night by delivery of the mules on Sunday night, or not till Monday morning." The evidence, as bearing on this part of the case, was that Foreman had a contract with the government for a lot of mules—that he met Ahl at the William Penn Hotel, Philadelphia, who said he had a lot of mules in the yard, that they went out to look at them by candlelight and then bargained for sixteen mules, for which the note was given at the rate of $160 the mule. Foreman offered $180 if Ahl would stand the government inspection, but Ahl agreed to take $160, Foreman to stand the government inspection.

It would seem that at the time and place of the bargain there were but fifteen mules in the pen, only thirteen of which belonged to Ahl, the other two to a man by the name of Johnson, who took his two mules the next morning. Ahl obtained and put in two others and made the endorsement on the note of $160, the price, no doubt, of the missing mule.

The evidence was that the contract was consummated on Sunday night. Not only was the note given but possession of the thirteen mules was transferred, and Foreman became liable for their keep from that night. The fact that the entry on the tavern books could not be made that night, because the book-keeper had gone to bed, is of no consequence, for it was done next morning in pursuance of their agreement the night before. The clerical act only verified the bargain of the night before.

Everything, therefore, was transacted on Sunday night except the delivery of the two mules. Now, if we should treat the contract as entire for fifteen mules and regard all that was done Sunday night as amounting to constructive delivery of the two mules, it is evident the plaintiff would have no more standing on his money counts than upon the note itself, because his action, however viewed in the pleadings, would be founded upon a contract fully consummated on Sunday. But perhaps the better view is, that though an entire contract the parties severed it in the performance and made it not the purchase and delivery of fifteen mules *solido* as one round and complete transaction, but the purchase of fifteen mules *per capita* at $160 the mule, and the delivery of possession mule by mule. In this view it is clear that whilst the plaintiff cannot steer clear of the Sunday law as to thirteen of the mules, he may as to the two delivered on Mon-

[Foreman *v.* Ahl.]

day, for as to them, though the bargain was begun on Sunday, it was not consummated until Monday.

We are to take it that the note is void because the court so ruled and the parties acquiesce. But under the agreements of counsel we are to imagine this action of debt to be assumpsit—are to imagine the payee of the note to be the plaintiff on the record and to imagine the common money counts, and that the plaintiff is proceeding on them to recover for the consideration of the note rather than for the note itself. But as to the thirteen mules it is manifest he stands no better upon the common counts than he would upon a special count or on his statement of the note as his cause of action.

As to that portion of the lot of mules, everything was done on Sunday night that was ever done to effect the sale. The making the note was the most innocent part of the transaction, because it was the least substantial part of it. The body and substance of the transaction was a negotiation for fifteen mules and a complete purchase of thirteen of them in violation of the Sunday Statute of 1794.

Although a court of justice would not undo the bargain if the parties had fully executed it, yet the law will not lend its aid to either of the parties to enforce such a bargain. It was worldly employment upon the Lord's day in violation of the divine command and of our Statute of 1794, and according to many decisions of this court it was a void contract.

Thus stands the case upon the evidence. In the most favorable view of it that can be taken for the plaintiff, the utmost he could recover would be the price of the two mules delivered on Monday, and the court fell into error in suffering the jury to inquire into more than the liability of the defendant for those two mules. Whether entitled to a verdict for them will depend upon all the evidence in the cause, but not upon the Sunday law.

And we think the court erred in admitting the payee as a witness. It is true that in Evans *v.* Dela, 11 Casey 451, where the witness who was called to testify had passed the note away before its maturity *by delivery merely and without endorsement*, it was held that he was competent to establish the consideration, but in Baily *v.* Knapp, 7 Harris 192, and Katz *v.* Snyder, 2 Casey 511, the rule furnished by the case of Post *v.* Avery, 5 W. & S. 509, was applied to payees who had transferred negotiable paper by endorsement. And the disqualification, resting as it does in part on considerations of public policy, cannot be removed by a release of the endorser from his liability to the endorsee.

Very necessary is it to apply the rule in this case even if it be not generally applicable to endorsers, because counsel stipulated, by the paper of 30th June, that the defence should be conducted as if the note was still in the hands of the payee and suit had

[Foreman *v.* Ahl.]

been brought in his name. If it were still in his hands and the suit were in his name no one would contend for his competency as a witness for himself.

The force of this objection is not parried by the circumstance that the suit is a proceeding upon the consideration of the note, and therefore, that the witness is not, in strictness of speech, to be considered as an endorser. If not an endorser he is the assignor of a chose in action coming in upon the record as plaintiff to recover it, and under the salutary doctrine of Post *v.* Avery, and the general principle that forbids a man to testify for himself in his own cause, his mouth ought to be stopped.

As to those parts of the charge in which the judge, in answer to the points, declared the effect of the evidence and stated the rules of law touching warranty, representation, deceit and fraud, we conceive the defendant has no just ground of complaint. Indeed, we see no reasons suggested in the assignment of errors for reversing the judgment save only the two already stated— the suffering a recovery for thirteen mules sold and bought on Sunday, and the admission of James W. Ahl as a witness.

The judgment is reversed, and a *venire facias de novo* is awarded.