## Mary A. Ryder *vs.* William H. Faxon & others.

Plymouth. January 19, 1898. — May 20, 1898.

Present: Field, C. J., Allen, Knowlton, Lathrop, & Barker, JJ.

*Evidence — Agreement as to Building on Leased Land remaining Personal Property.*

Evidence tending to show an agreement between the lessor and the lessee, outside of the lease, that a building on the premises should be and remain the personal property of the lessee, is rightly admitted; and such agreement is not inconsistent with a phrase following the description of the land, "to be occupied by a building erected thereon by said R.," the lessee, or with a covenant that at the termination of the lease the lessee should deliver up the premises in as good order and condition as they then were or should be put into by the lessor.

Where a lease itself shows the lessor's assent that the lessee should erect a building, evidence that the lessor directed that it should be so built that it could be moved when the lease expired, that he made no reply when told by the lessee that he would have to mortgage the building to pay for it, and that the lessor told the lessee that he did not want him to put up any wall or anything that would obstruct the place, justifies a finding that there was an agreement that the building should be the personal property of the lessee.

Tort, for the conversion of a wooden hotel building. Trial in the Superior Court, without a jury, before *Wardwell,* J., who found for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*R. O. Harris*, for the defendants.

*F. M. Bixby*, for the plaintiff.

BARKER, J.   The first lease was made on March 1, 1883, for the term of three years from that date.   At the beginning of the term the demised premises were a vacant parcel of land, upon which the lessee thereafter erected a two story hotel building. On March 1, 1884, the lease was cancelled, and a new lease made for the term of five years from that date.   On February 26, 1886, the building, which was set on posts, was destroyed by fire.   On March 1, 1886, the second lease was cancelled, and a new lease made for ten years from that date, after which a new building, upon the old foundations and having no cellar, was erected by the lessee.   In 1894 the lessee made a bill of sale of the building to a third person, who in turn made a bill of sale to the present plaintiff, who is the wife of the lessee. Before the third lease expired the lessor died, and on the expiration of the lease his heirs, the present defendants, took possession of the land and building, and refused to allow the plaintiff to remove the building, whereupon she brought this action for conversion of the building, claiming under her bill of sale.

1.  At the trial the defendants excepted to the introduction of evidence tending to show an agreement between the lessor and the lessee, outside of the lease, that the building should be and remain the personal property of the lessee.   This evidence was rightly admitted.   When the lease of 1886 was made, the premises were simply land upon which were certain posts that had served as the foundations of a building which had been destroyed by fire, and which might serve as the foundations of another building.   The phrase following the description of the land, " to be occupied by a building erected thereon by said Ryder," is not inconsistent with an agreement that the building should be the personal property of the lessee ; nor is the covenant that at the termination of the lease the lessee should deliver up the premises in as good order and condition as they then were or should be put into by the lessor inconsistent with such an agreement. The removal of personal property from the land would be neither waste nor an alteration, within the meaning of the clauses of the lease which relate to those subjects.   So an agreement outside the lease that the building to be erected should be the

personal property of the lessee was not in contradiction of the terms of the written lease, and there is nothing which requires such an agreement to be in writing. Evidence tending to show such an agreement was therefore admissible.

2. The defendants contend that the evidence was not sufficient to establish the agreement. If we assume that this question is open under the request that upon all the evidence the plaintiff could not recover, we think the contention is unsound. Whether fixtures placed by a lessee upon leased land thereby become part of the realty is not altogether matter of agreement between the lessor and lessee. The intention of the latter has much to do with the question, and if his intention is that the fixture shall remain his personal property, and that intention is made known, and his acts are consistent therewith, the fixture may remain his personal property, although there may be no agreement to that effect between him and the lessor. *Hopewell Mills* v. *Taunton Savings Bank*, 150 Mass. 519, and cases cited. In *Madigan* v. *McCarthy*, 108 Mass. 376, the building was put upon stone foundations with a cellar, and as and for a permanent dwelling-house, without the consent of the landowner, or any contract with him, express or implied, that the tenant should hold it as personal property. In the present case the lease itself shows the lessor's assent that the lessee should erect the building, and the evidence that the lessor directed that it should be so built that it could be moved when the lease expired, that he made no reply when told by the lessee that he would have to mortgage the building to pay for it, and that the lessor told the lessee that he did not want him to put in any wall or anything that would obstruct the place, justified a finding that there was an agreement that the building should be the personal property of the lessee.

The exceptions to the refusal to rule that the lessor's surrender of the prior leases took away his right to remove the building, and that the right was at an end because of breaches of the conditions as to the sale of liquor and as to non-payment of rent, have not been argued, and we do not consider them.

*Exceptions overruled.*