# Curtin *v.* People's Natural Gas Company, Appellant.

*Contracts—Sales—Instructions—Agreement to pay vendor's debt as part of consideration—Statement of claim—Failure to traverse—Affidavit of defense—Rules of court—Evidence—Sunday contracts.*

1. Where in an action by vendor against vendee for the purchase price of machinery it appears that the defendant, apparently for its own protection, had agreed to use part of the consideration to pay off a chattel mortgage on the goods and had failed to do so, the defendant is not entitled to an instruction to the effect that the plaintiff could recover only the excess of the agreed purchase price over such mortgage claim, there being no evidence of a novation.

2. Where in such a case the plaintiff in his statement sets up that the defendant purchased the articles "as set forth in a schedule hereto attached and made part hereof, to which schedule plaintiff has attached the original cost price of each item" and agreed to take them "at the original cost price," and the affidavit of defense does not either directly or indirectly deny the correctness of the schedule or that the figures truly represent the original cost prices, it is not error to permit a copy of the schedule to be read to the jury in view of a rule of the court below making the allegation conclusive in the absence of a traverse of the facts therein contained. And where after such ruling the schedule is put in evidence by the plaintiff without objection and this is followed by the defendant placing in evidence the statement of claim containing the schedule with the figures attached, without any restriction on its use, the schedule in its entirety, figures and all, is before the jury.

3. In such a case it is not error to admit in evidence mortgages from the plaintiff to a third party as corroborative of a witness who testified that the plaintiff purchased the goods with her own money or by giving securities upon her own property, where defendant was making the point that the plaintiff had not been the purchaser and hence was not the real owner of the goods, and particularly where prior to the introduction of these mortgages testimony as to their existence had been introduced and subsequently a witness was permitted without objection to testify at large concerning them.

4. A parol contract cannot be declared void as a matter of law as a Sunday contract, where the evidence is sufficient to sustain a finding that the negotiations were commenced on Saturday and continued on Sunday, but the contract was not finally concluded until the following Monday.

*Trial—Practice, C. P.—Charge—Equivocal point.*

5. It is not error to refuse a request for instructions where the point as drawn is equivocal and likely to be misunderstood.

*Evidence—Writings not sued upon—Parol explanation.*

6. Writings not sued upon, when admitted in evidence, are susceptible of explanation and may be varied by parol.

*Rules of court—Construction—Review.*

7. It is only in clear instances that the appellate court will reverse the court below for a breach of the latter's own rules.

*Trial—Charge—Mention of amount claimed—Contract.*

8. The rule that it is reversible error for a court to direct attention in its charge to the amount claimed in the plaintiff's statement, applies to actions on torts, and not to actions on contracts; and the rule is especially not applicable in an action of assumpsit where the defense 'is no contract, and not a mistake or overcharge on prices.

*Appeals—Assignments of error—Assignment raising more than one ,question.*

9. An assignment of error complaining of the refusal to grant a new trial, and setting forth that the court below erred in eleven particulars when it failed to make defendant's rule for that purpose absolute, is improper in form, inasmuch as it raises more than one definite question.

Argued Oct. 9, 1911. Appeal, No. 68, Oct. T., 1911, by defendant, from judgment of C. P. Greene Co., June Term, 1908, No. 91, on verdict for plaintiff in case of Lizzie J. Curtin v. People's Natural Gas Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit upon a parol contract to recover the purchase price of articles sold by the plaintiff to the defendant. Before INGHAM, P. J.

The statement of claim avers that the defendant, a Pennsylvania corporation, "on or about the ninth day of November, 1907," purchased from the plaintiff "the engine, boiler, tools, etc., as set forth in a schedule hereto attached and made part hereof . . . . that the defendant agreed to take said engine, boiler, tools, etc., at the original cost price of the same, . . . . to which schedule plaintiff has attached the original cost price of each item

therein. . . . That the . . . . defendant . . . . agreed to pay . . . . in manner following, to wit, to pay the National Supply Company at Toledo, Ohio, a certain chattel mortgage, the personal debt of the plaintiff, held . . . . against the tools aforesaid, and other tools, the property of the plaintiff, amounting to $2052.34 . . . . and the residue of said consideration in cash to the plaintiff. . . . That although . . . . the defendants took possession . . . . under said agreement, yet they . . . . neglected and refused to pay . . . ., and fraudulently permitted said chattel mortgage to be foreclosed and all the aforesaid property to be sold for $800, . . . . thus leaving the plaintiff indebted . . . . for the balance of said mortgage debt, to wit, $1252.34." Wherefore the plaintiff claims the sum total of the items shown in the schedule amounting to $3,239.98, with interest, etc.

The affidavit of defense averred a defense to the whole of the plaintiff's claim. It denies that the defendant had contracted with the plaintiff for the purchase of the articles as set out in the schedule attached to the statement of claim or any of them, or that such articles were taken possession of or used by the defendant company, or that it was under any obligation to pay the chattel mortgage referred to in the statement, or that it had ever directly or indirectly assumed such an obligation, and finally that it is in any manner or way indebted to the plaintiff.

A verdict was rendered for $2,699.52, the amount of plaintiff's claim, with interest less the $800 realized on the mortgage; and the defendant appeals from the judgment entered upon this verdict.

*Errors assigned* are set forth in the opinion of the Supreme Court.

*Jas. E. Sayers,* with him *Christy Payne,* for appellant.

*James J. Purman,* with him *Robinson F. Downey,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

The first assignment complains that the court erred in refusing the following request for instructions: "If the jury believe the evidence of the plaintiff, there was no contract made between the plaintiff and the defendant company to purchase the tools which plaintiff claims were hers on the ninth day of November, 1907." The evidence produced by the plaintiff, if believed, was sufficient to show that negotiations for the purchase of the tools were commenced on the date in question, but it was not sufficient to establish a contract completed on that day, and had the point refused by the court been unequivocally to that effect, it would have been the duty of the trial judge to affirm it; but the request as drawn might well have been understood to refer to the ownership of the tools by the plaintiff on the day mentioned, and not to the making of the contract at that time; hence there was no error in its refusal.

The trial judge declined to charge the jury that the agreement of purchase set up by the plaintiff was void as a Sunday contract, and this constitutes the second assignment. After reading the entire record we conclude that the evidence produced by the plaintiff was sufficient to sustain a finding that the contract was not finally concluded on Sunday, November 10, 1907. The negotiations were commenced on Saturday, November 9, 1907, and continued on the following Sunday, but the sale was not consummated until the date of the making of the schedule· and the delivery of possession of the articles, which occurred on Monday, November 18, 1907; and therefore the transaction would not be viewed as a Sunday contract: Foreman v. Ahl, 55 Pa. 325; Commonwealth v. Kendig, 2 Pa. 448.

In the third assignment the defendant complains of the refusal to charge, "If the jury believe the evidence of the plaintiff that the defendant company promised and assumed to pay the chattel mortgage of the National

Supply Company . . . . then the defendant is indebted to the National Supply Company in the amount of the debt and interest of that mortgage, less $800 realized on the sale thereof, and the plaintiff cannot recover anything in this action unless she has shown that the cost price of the tools was in excess of the mortgage and its interest, and then only for the amount of such excess." For the court to have so charged would have been to treat the agreement between the plaintiff and the defendant as a novation of the indebtedness to the supply company, with the sequence of a release of the plaintiff and a substitution of the defendant as the debtor. "The essentials of a novation are the displacement and extinction of a prior contract, the substitution of a new contract, a sufficient consideration therefor, and consent of the parties thereto:" Wright v. Hanna, 210 Pa. 349. Although an employee of the National Supply Company assisted in making up the schedule, yet the evidence would not justify a finding that he was acting for his company at that time; on the contrary, all the testimony on the point is to the effect that he was acting as one of the representatives of the plaintiff. The essential elements of a novation were not present; the defendant company simply agreed, apparently for its own protection, that instead of paying the full purchase price directly to the plaintiff, it would use part of the consideration to liquidate her debt to the supply company and pay the balance directly to her. We see no error in the refusal of the point.

The court admitted certain testimony which is complained of in the fourth assignment. The husband of the plaintiff testified that when he and the representatives of the defendant company were negotiating the contract of purchase, his wife was in an adjoining room with the door open between, in such a position that she could hear. In the course of his testimony, he said "I know she could hear," and, when pressed on cross-examination, stated that he knew that she did hear because she went into the

room for that purpose. The witness might have been confined to a mere description of the surroundings and a statement that his wife was in the adjoining room during the conversation, but we are not convinced that any prejudicial error was committed in permitting him to express the opinion that his wife could hear what was going on,—a fact which she subsequently corroborated by her own testimony. The statement that the wife actually did hear the conversation, coupled with its explanation, could have done no material harm. The appellant, however, is not in a position to complain, as that testimony was elicited on cross-examination and no motion was made to strike it out.

The fifth specification raises the point that error was committed in permitting a copy of the schedule attached to the statement of claim to be read to the jury. In treating of this assignment counsel for the appellant in his printed argument refers to the practice of the court below as follows: "We are aware of . . . . the rule of court that provides for a denial of all material allegations in a statement by an affidavit of defense or else the same shall be taken as admitted on the trial of the cause." Only in clear instances will we reverse a court for a breach of its own rules, and it has not been made plain to us that any such error was committed here. The statement expressly adopts the schedule and contains the material allegation that the prices attached to the various items set forth therein represent their original cost price. The contract sought to be established was that the defendant agreed to take the articles "at the original cost price of the same." Although the affidavit of defense denies any contract of purchase, it does not either directly or indirectly deny the correctness of the schedule or that the figures set opposite the respective items truly represent the original cost price thereof. In view of the practice in the court below, since the affidavit fails to traverse the allegations concerning the schedule, those allegations were conclusive of the facts therein contained.

After the ruling complained of, the schedule was offered and accepted in evidence without any exception or objection on the part of the defendant; this being followed at the conclusion of the case by the defendant itself placing in evidence the plaintiff's statement of claim containing the schedule with the prices attached, without any restriction upon its use.  On the whole, not only do we fail to see error in permitting counsel to read the schedule without the prices, as he did, but we are of the opinion that the subsequent events placed the schedule in its entirety, figures and all, before the jury for their consideration.

The court admitted in evidence two mortgages from the plaintiff and her husband to the National Supply Company, and this is objected to in the sixth assignment. In making the ruling the trial judge said: "The witness, Frank Curtin, having testified that his wife was the owner of the tools for which the suit is brought and she having bought or he bought them for her; that she mortgaged her property and bought the tools, we think the evidence is competent."  The defendant by its examinations during the trial was making the point that the plaintiff had not been the purchaser, and hence was not the real owner of the goods which she alleged she had sold to the defendants.  Therefore she undertook to show that she had purchased and paid for these goods with her own money or by giving securities upon her own property. Prior to the introduction of these mortgages testimony as to their existence had been introduced, and subsequently a witness was permitted, without objection, to testify at large concerning them.  On this state of facts we see no error in the admission of the evidence objected to.

The seventh, eighth, ninth and tenth assignments complain of the admission of the testimony of Frank Curtin in explanation of certain bills from the National Supply Company and others covering the sale of the articles to the plaintiff.  It appeared by these exhibits that the

goods had been billed to "L. J. Curtin and Company," and not to "Lizzie J. Curtin," the plaintiff. The witness was permitted to explain that a mistake had been committed in thus billing the goods. We are not convinced of the propriety of the introduction of these documents in the first instance, but having been admitted they were susceptible of explanation. The bills were not being sued upon, and hence the rule as to the varying of written instruments had no application. Considering the state of the evidence to which we called attention in disposing of the fifth assignment of error, and the other testimony upon the cost price of the goods in question and the plaintiff's title thereto, we feel that no harmful mistakes were made in the matters called to our attention by the specifications now under consideration.

In the eleventh assignment the defendant takes exception to a portion of the charge in which the amount claimed by the plaintiff is mentioned. Since the defense was no contract, and not mistake or overcharge in prices, we do not see how the defendant could have been harmed by the matter complained of. The cases referred to in the printed argument, in which we ruled that it was reversible error for a court, to direct attention to the amount of damages claimed in the declaration, were all instances of torts; they have no application to a case like the present.

The last assignment complains of the refusal to grant a new trial, and sets forth that the court erred in eleven particulars when it failed to make defendant's rule for that purpose absolute. We might dismiss this specification for raising more than one definite question, but in disposing of the other assignments we have practically covered all of the points suggested. It only remains to say that on the record as presented the case was for the jury and no substantial error appears to have been committed in the trial.

All of the specifications are overruled and the judgment of the court below is affirmed.