HIRAM H. LANDFORD *vs.* UNIVERSAL INSURANCE COMPANY.

SAME *vs.* PUBLIC FIRE INSURANCE COMPANY.

SAME *vs.* LONDON AND LANCASHIRE INSURANCE COMPANY, LIMITED.

Essex.   December 7, 1932. — March 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Insurance,* Fire:  insurable interest, interest of mortgagee of personal property.  *Real or Personal Property.  Mortgage,* Of personal property.

A mortgagee of personal property, consisting of a single story building having no cellar and resting partly on a ledge and partly on wooden posts and used as a restaurant, is not entitled to the protection given to a mortgagee of real estate by G. L. (Ter. Ed.) c. 175, § 99; and therefore, where one, to whom as owner of such property a policy of fire insurance in the Massachusetts standard form had been issued, payable in case of loss to the mortgagee, sold the property and assigned the policy without procuring the assent of the insurer, the insurer could not be held liable to the mortgagee on the policy for a loss by fire thereafter occurring.

The mere facts, that the mortgagee of the personal property, insured in the circumstances above described, also held, "as security" for his loan, an assignment of a ninety-nine year lease of the real estate upon which the building was constructed; and that the policy read, "Loss, if any, on real estate" payable to the mortgagee, did not make the insurer liable to the mortgagee for the loss sustained from a fire occurring after sale and assignment by the insured of all his rights in the personal and real property and under the policies without the consent of the insurer having been procured.

THREE ACTIONS OF CONTRACT upon policies of insurance against loss by fire.   Writ in the first action dated October 2, 1930, and in the second and third dated October 3, 1930.

In the Superior Court, the actions were tried together before *Collins,* J.   Material evidence is described in the opinion.   Subject to leave reserved, verdicts were recorded for the plaintiff in the sum of $964.44, $723.34 and $482.22 respectively.   Thereafter the judge ordered the entry of verdicts for the defendants.   The plaintiff alleged exceptions.

*J. F. Carens*, for the plaintiff.

*W. L. Came*, for the defendants, submitted a brief.

CROSBY, J.   These are three actions of contract tried together, wherein the plaintiff seeks to recover fire insurance under four policies purporting to cover a one-story summer restaurant building known as "Ye Turnpike Inn" in Newbury, Massachusetts.   All the policies were in the form prescribed by G. L. c. 175, § 99, and in all of them one Leslie R. Brown was named as the insured.   Each policy contained a clause that the "Loss, if any, on real estate" was payable to the plaintiff as "First Mortgagee."   The property is described as follows: "one story summer restaurant building and additions thereto, connected by veranda, covered passageways, or otherwise, including foundations, additions, extensions, communications and piazzas"; then follows a recital of a considerable number of chattels, "belonging or appertaining to the building, known as Ye Turnpike Inn . . . Newbury Massachusetts . . . ."

The cases were tried to a jury.   The evidence consisted of the testimony of witnesses called by the plaintiff and certain facts embodied in a written statement introduced at the trial which is printed in the record.   It was therein agreed as follows: On October 1, 1922, one Heber Little owned certain land on the Newburyport Turnpike and executed to Lilla S. Hill a lease thereof for ninety-nine years.   The lease contained the following clause: "Lessors, their heirs, administrators, executors or assigns will permit the lessee, her heirs, administrators, executors or assigns to remove any and all buildings which are now on or may be erected or may alter or build, at their desire."   This lease was duly recorded in the registry of deeds.   Lilla S. Hill erected upon the leased land a one-story wooden building which had no cellar and was named "Ye Turnpike Inn."   On October 31, 1925, she gave to the plaintiff a mortgage on the property to secure the payment of a note.   The mortgage was entitled "Mortgage of Personal Property" and contained the following recital: "The following goods and chattels, namely: The building known

as ' Ye Turnpike Inn ' and the roadside store and gasolene
filling station . . . also the building on the westerly side
of said Newburyport Turnpike in said town of Newbury
known as 'Ye Turnpike Inn, Junior.' " The mortgage was
recorded with mortgages of personal property in the town
of Newbury, and not in the registry of deeds. By a bill of
sale dated December 20, 1927, Lilla S. Hill sold to Leslie
R. Brown the same property as is described in the mort-
gage given by her to the plaintiff and also gave him an
assignment of the ninety-nine year lease. The various
articles so sold, including "Ye Turnpike Inn," were referred
to in the bill of sale as "goods and chattels." On May 25,
1929, Brown sold and assigned by bill of sale to William A.
and Flora M. Tibbetts many articles, including "Ye Turn-
pike Inn" and other buildings located on the land leased by
Little to Lilla S. Hill, and, by a separate instrument, the
ninety-nine year lease, the sale being stated therein to be
subject to the mortgage held by the plaintiff and the assign-
ment of the lease being stated therein to be "subject to an
assignment to" the plaintiff "to secure a note"; and also
on the same day executed and delivered to them "assign-
ment of the four insurance policies" upon which these
actions are brought. Of the four policies two were issued
by the Universal Insurance Company on or about April 11,
1926; one was issued by the Public Fire Insurance Company
on or about October 17, 1928; and one by the London and
Lancashire Insurance Company, Limited, on or about De-
cember 15, 1928.

It is agreed that "due to some misunderstanding between
Mr. and Mrs. Tibbetts and a certain person whom they
had employed or supposed they . . . [had] employed for the
purpose, the assent of the defendants to the sale of the
property described in the policies and to the assignments
thereof was not obtained and the defendants did not know
about them until after the fire" which occurred on July 6,
1929, and the property was destroyed. After the fire Wil-
liam A. Tibbetts "acting through and in the name of . . .
Brown" endeavored to collect the insurance, but the de-
fendants, learning of the sale of the property and of the

assignment of the policies from Brown to Mr. and Mrs. Tibbetts, denied liability. On July 30, 1930, the plaintiff's counsel wrote the defendant Public Fire Insurance Company that the "property covered by the policy burned sometime ago" and inquired in substance why an adjustment was delayed. By letter dated August 4, 1930, counsel for the company replied that it could not entertain a claim from the plaintiff at that time; that "This loss occurred a long time ago. The policy had become void because Brown had sold the property which it purported to cover to a Mr. and Mrs. Tibbetts without the knowledge or consent of the company. The policy purported to cover a building which stood on leased land and which undoubtedly was personal property . . . but, since the policy had become void and at the time of the loss Brown had no insurable interest in the property, the company owed him nothing and he abandoned his claim long ago." The same counsel, representing the defendant London and Lancashire Insurance Company, Limited, wrote the plaintiff's counsel on August 30, 1930, that his letter of August 4, 1930, applied equally to the claim against that company. This counsel also represented the Universal Insurance Company.

It is clear from these letters that the defendants denied liability, and that no defence was waived. The building, consisting of a single story, had no cellar and rested partly on a ledge and partly on wooden posts. It is plain that it was personal property and not real estate. *Hartwell* v. *Kelly*, 117 Mass. 235. *Ryder* v. *Faxon*, 171 Mass. 206. *Swift* v. *Boyd*, 202 Mass. 26. *Noyes* v. *Gagnon*, 225 Mass. 580, 584. The cases were presented on the theory and assumption of the parties that the building was personal property. The standard form of a fire insurance policy set forth in G. L. (Ter. Ed.) c. 175, § 99, provides in part as follows: "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate . . . ." No similar provision is found in the standard form respecting the

rights of a mortgagee of personal property. Although this question does not seem to have been decided by this court, manifestly a mortgagee of personal property has no such rights as are secured to a mortgagee of real estate under the clause above quoted. We are of opinion that it would be an unwarrantable extension of the words of the statutory form to hold that the clause above referred to applied by analogy to insurance policies payable to mortgagees of personal property. This question is not argued by the plaintiff. He argues that he held "in addition to his mortgage, as security an unconditional assignment of a lease upon the premises with an unexpired leasehold period of eighty-nine years," and that this was a "chattel real" and for that reason he is entitled to recover. The distinction between chattels real and chattels personal the law fully recognizes. A chattel real concerns realty as distinguished from movable goods. It was said in *Freedman* v. *Bloomberg*, 225 Mass. 491, at page 493, by DeCourcy, J., that "interests in lands which were reckoned as chattels were distinguished by the name of chattels real because they concerned realty; while the name of chattels personal was given to movable goods 'because for the most part they belong to the person of a man, or else for that they are to be recovered by personal actions.'" *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129, 130, 131. If we assume without deciding that the lease for years held by the plaintiff's mortgagor, Hill, constituted a chattel real, it does not follow that the building on the land which was personal property and could be removed by the owner was a chattel real within the meaning of that term. It is manifest that the plaintiff is not entitled to recover on that ground. These actions relate to insurance on personal property alone. No real estate was covered by any of the policies upon which recovery is sought. This opinion is strictly confined to the points discussed. The case of *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419, cited by the plaintiff, is plainly distinguishable in its facts from those here presented.

It is not necessary to determine whether the plaintiff is

precluded from recovery on the ground that each of the policies issued by the defendants purported to cover loss, if any, on real estate, payable to the plaintiff as first mortgagee, and the property covered by the policies was in fact personal property.

*Exceptions overruled.*