*495 OPINION.
Leech :
A sine, qua non of a trust, taxable as an association, is that such trust, in the words of the Supreme Court in Morrissey v. Commissioner, 296 U. S. 344, be “created and maintained as a medium for the carrying on of a business enterprise and sharing its gains.” It has been held by the Board, on the authority of that case and its companions,[1] that, in determining whether the trust was created and maintained for such purpose, the powers granted in the trust instrument and not only those exercised during the tax years must be considered.
Here it may be said that the powers of management and control of the trust properties, granted to the trustee by the written trust instrument, characterized it as a business trust. See Title Insurance & Trust Co. v. Commissioner, 100 Fed. (2d) 482, and Cleveland Trust Co., Trustee, 39 B. T. A. 429. But the same trust instrument, in effect, provided that the exercise of those powers was “substantially *496 limited to the receipt and distribution of rents” so long as the trust properties were under lease requiring the tenants to pay taxes, negotiated by the beneficiaries or their agents, and maintain the properties, or were in charge of agents of the beneficiaries. And, as an inducement or consideration for the execution of that written contract, the parties thereto contemporaneously orally agreed that the members of the Gibbs family, or beneficiaries, who managed the trust properties, were to be considered agents of the beneficiaries and not of the trust.
That this was a part of the trust contract is corroborated. All of the trust properties, during the tax years, were under leases negotiated by the beneficiaries of the .trust or by their agents, under which the tenants were required to pay the taxes and maintain the properties, or were managed by the beneficiaries or members of the Gibbs family as their agents. The trustee has not exercised any powers of management or control but has limited its activities to those purely ministerial. It never asked for nor was it paid for more than those services.
Since tins contemporaneous oral agreement did not contradict the terms of the written trust, it must be considered a part of the written agreement. Atlas Petroleum Co. v. Cocklin, 59 Fed. (2d) 571; Ryder v. Faxon, 171 Mass. 206; 50 N. E. 681; Alexander v. Righter, 240 Pa. 22; 87 Atl. 427.
It follows that, under the terms of the written instrument creating the trust, as thus supplemented, during the tax years, the trustee had no powers of management and control of the trust properties, and the trust was not, therefore, “created and maintained as a medium for the carrying on of a business enterprise and sharing its gains.” It was taxable as a pure trust and not as an association. Lewis & Co. v. Commissioner, 301 U. S. 885.

Decision will be entered for the petitioner.

 Helvering v. Coleman-Gilbert Associates, 296 U. S. 369; Helvering v. Combs, 296 U. S. 365; and Swanson 7. Commissioner, 296 U. S. 362.