## Trutt *versus* Spotts.

1. A. conveyed to B. a lot bounded by streets described upon a plan referred to in the deed, "together with all the ways, &c.," belonging to said lot. Covenant was brought for an alleged obstruction in the use of the streets. *Held*, to be the proper form of action.

2. A covenant does not require express words. Any words which show the party asserted in a deed that a matter material to the contract had been done, amount to a covenant that it has been done.

3. Covenant of warranty distinguished.

4. Bellinger *v.* Burial-ground Society, 10 Barr 135, also distinguished.

June 19th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Union county:* Of May Term 1878, No. 154.

This was an action of covenant brought by David Trutt against Benneville Spotts, upon certain clauses of a deed of conveyance. Plea: covenants performed *absque hoc.*

The facts were as follows: Prior to 1872 Benneville Spotts, being the owner of a considerable tract of land in the borough of Mifflinburg, employed a surveyor to lay out a portion of it in building lots. This was accordingly done. A plan of the "Addition" was prepared by the surveyor, showing the streets and alleys named and the lots numbered, and Mr. Spotts carried on the sale of lots according to this plan. In August 1872, he sold a lot to David Trutt, by a deed containing, inter alia, the following language:

"All that certain messuage and lot of ground situate on the north side of Market street in Spotts's addition to Mifflinburg, marked with number seven (7), adjoining lot number (3) on the west, Cross street on the east, and alley on the north, containing in depth one hundred and twenty-six feet, and in width sixty feet, be the same more or less. It being part of a larger tract of land which Charles Moll, * * * for the consideration therein mentioned did convey unto the said Benneville Spotts, who is the proprietor of said addition. Together with all and singular the improvements, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining * * *."

The deed also contained a clause of general warranty. Trutt built a house upon his lot and a fence around it, and Spotts having retained possession of all the streets and alleys in his "Addition," having cultivated the remainder of the tract up to the line of Trutt's fence, and having fenced in the whole tract in one general enclosure, brought this action of covenant to recover damages for having been deprived of the free use of the streets, alleys and ways of said "Addition."

The *narr.* recited textually from the deed the description of the

[Trutt *v.* Spotts.]

property, the clause conveying "all and singular the improvements, ways, &c.," and continued: "And the said defendant did, by the same deed, covenant to and with the said plaintiff, his heirs and assigns, that he the said defendant, his heirs, executors and administrators would warrant and for ever defend the said premises to the said plaintiff, his heirs and assigns, against him, the said defendant, his heirs and against all and every other person or persons whomsoever lawfully claiming or to claim the same, or any part thereof.

"And the said plaintiff avers that the said defendant hath not opened the streets and alleys mentioned in said 'Spotts's Addition to Mifflinburg,' and hath deprived said plaintiff of the free use of said streets and alleys, and of the right of way, *the ways*, and other rights and liberties, as in said covenant mentioned, and hath retained the same for his own use and profit and in his own possession.

"And so the plaintiff saith, that the said defendant, though often requested, hath not kept the covenants so by him made as aforesaid, but hath broken the same, &c."

Upon the trial, before Bucher, P. J., the plaintiff offered in evidence his deed from the defendant, for the purpose of showing the covenant on which the suit was brought. The defendant objected, that there was no covenant in the deed to support the action, and the court excluded the evidence, saying:

"There is no covenant in the deed to meet the declaration. There is no covenant whatever, save that of a general warranty. The offer is simply to show that the plaintiff has been deprived of the right of passage in and out of the streets adjacent to the land described in the deed. There can be no recovery for breach of warranty without proof that the grantee has been ousted by a title paramount. If the plaintiff has been wrongfully deprived of the right of enjoyment of the streets adjacent to the land conveyed, the remedy must be by a different form of action. We sustain the objection and reject the evidence." Exception.

Plaintiff then offered the deed again, in connection with the draft of "Spotts's Addition," to be followed by evidence that the defendant, contrary to the clause of warranty, asserted a superior title to the land conveyed, for the purpose of showing the covenant and breach. Defendant objected because the plot was not attached to the deed nor referred to in it, and because the possession of Spotts or assertion of title in himself could not sustain the action. Evidence rejected. Exception.

The plaintiff offering no further evidence, the court directed a verdict for the defendant, upon which judgment was afterwards entered. This writ of error was thereupon taken, and the rejection of the plaintiff's evidence assigned for error.

[Trutt v. Spotts.]

*Samuel H. Orwig*, for plaintiff in error.—The declaration was sufficient, the covenant being set out according to its legal effect: 2 Tr. & H. Pract. 32.

The streets and alleys were conveyed to the centre: Cox v. Freedly, 9 Casey 128; and the warranty was of the whole property conveyed: West v. Stewart, 7 Barr. 124; Rawle Cov. 205. Any words in a deed which assert a material thing to have been done make a covenant that it has been done: Christine v. Whitehill, 16 S. & R. 98.

The reference to a plot incorporates it in the deed: Birmingham v. Anderson, 12 Wright 253.

No counsel appeared for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, October 7th 1878.

All the assignments of error are to the rejection of evidence. They present the same general question. The contention is whether covenant will lie to redress the alleged grievance.

It is a well-established rule of law that a conveyance of lands bounded on a highway gives the grantee a title to the middle of the road, if the grantor had title to it, unless he reserved it, either expressly or by clear implication: Paul v. Carver, 12 Harris 207; Id., 2 Casey 223; Cox v. Freedley, 9 Id. 124.

The defendant in error was the proprietor of the portion of the town in which the lands in question lie. He sold and conveyed, by deed under seal, to the plaintiff, "all that certain messuage and lot of ground situate on the north side of Market street, in Spotts's addition to Mifflinburg marked with number seven, adjoining lot number three on the west; Cross street on the east, and alley on the north * * * being part of a larger tract of land conveyed unto the said Benneville Spotts, who is the proprietor of said addition. Together with all and singular the improvements, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining." This language clearly imports that the streets named did exist; that they were located adjoining the lot conveyed; that they were then open to public use, and that all the privileges and benefits incident to streets were a part of the ways belonging and appertaining to the lot. They are not referred to merely as descriptive of the boundaries, but their actual location is unquestionably averred. It is a substantial part of the contract, and creates a covenant of its truthfulness; Dailey v. Beck's Executors, Brightly's Rep. 107. A covenant does not require any express words. Any words which show the party asserted in a deed, that a matter material to the contract had been done, amounts to a covenant that it has been done: Shep. Touch., *Covenant*, page 160; Com. Dig., *Covenant*,

[Trutt *v.* Spotts.]

p. 268. A false description may avoid the deed and give covenant against the grantor. It may be descriptive and also an assertion of something more than description. A recital may and often does import a warranty: Pow. on Contracts 143. The defendant did not sell, nor did the plaintiff buy, a lot situate in the central part of a farm, removed from roads, and without access thereto. Such was not the understanding of the parties. The conveyance was of lot No. 7 in defendant's addition to the town. It matters not that the plot of this addition was not attached to the deed. The reference therein to the lot by number made the plan evidence of its location. As the lot was located by the streets, and by another lot of a designated number, all of which were a part of the plan or plot of the town, a knowledge of the plan was necessary to ascertain the actual location on the ground of the lot; and also the intention of the parties to the contract: Birmingham *v.* Anderson, 12 Wright 253. The view we take of this case giving the plaintiff his action of covenant does not conflict with the general rule that a covenant of warranty protects only against an ouster from the possession. The action lies by reason of the defendant's covenant not being verified by the facts. Nor is the conclusion we have reached necessarily in conflict with Bellinger *v.* Burial-ground Society, 10 Barr 135. There the street had actually been laid out by the public authorities before the conveyance was executed of the lot bounded thereby. The street was subsequently vacated by the same authorities. That case was therefore unlike the present case. The learned judge therefore erred in excluding the evidence offered.

Judgment reversed, and a *venire facias de novo* awarded.