# D. R. PATTERSON v. E. S. HARLAN.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-PHIA COUNTY.

Argued January 17, 1889—Decided January 28, 1889.

1. If, in a conveyance or mortgage of a lot, it is described as bounded upon a street laid down upon a municipal plan but unopened, the street becomes appurtenant to the lot, and, as between the grantor and grantee, the mortgagor and mortgagee, title to the soil to the middle of the street passes.

(a) A deed conveyed lots described as bounded on certain streets laid out upon the municipal plan but unopened, and contained the clause: " Together, as respects each of the said lots, . . . . . with its full proportion of the street or streets, avenue or avenues, on which it is situated."

(b) The grantee mortgaged the lots, describing them in the mortgage as bounded on said streets but not including in the description the clause above quoted from the deed, and afterward the lots were sold under the mortgage and a deed made to the purchaser.

(c) The sale upon the mortgage foreclosure did not satisfy the bond secured by the mortgage, and, upon a judgment obtained for the bal-

ance due upon the bond, the interest of the mortgagor in the soil to the middle of the streets was sold at sheriff's sale.

2. In such case, the omission from the mortgage of the clause quoted from the deed was immaterial, and the purchaser at sheriff's sale under the mortgage foreclosure took the title of the mortgagor to the soil of the streets passing to him under the original deed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 70 July Term 1889, Sup. Ct.; court below, No. 47 December Term 1886, C. P. No. 3.

On November 19, 1886, D. Ramsey Patterson brought ejectment against Edward S. Harlan, to recover a parcel of land containing about three quarters of an acre, being one half of the ground occupied by Duncannon and Lindley avenues and Fourth street, as laid out on the city plan.   Issue.

At a second trial of the cause, on February 8, 1888, the plaintiff showed title as follows:

Deed of partition made between the heirs of Margaret Harlan, deceased, May 22, 1874, recorded and conveying to R. P. Harlan certain lots bounded by Fourth street, Duncannon avenue and Lindley avenue.   This deed was not shown in the paper books, but it was said to contain the following clause:

"Together as respects each of said lots, above granted and released, with its full proportion of the soil of the street or streets, avenue or avenues, on which it is situate."

It was admitted as evidence by the parties that Fourth street and Duncannon and Lindley avenues, were laid out on the city plan, but not opened or occupied and used as streets. The plaintiff then showed the record of a suit and judgment by the assignees of Abraham Ritter against R. P. Harlan, in an action upon a bond to Abraham Ritter for $3,500, an execution, levy and condemnation, and a sheriff's deed to the plaintiff dated November 7, 1885, in pursuance of a sheriff's sale under said judgment, conveying the property in dispute to the plaintiff, the lines of the deed embracing the ground between the lines of the deed to R. P. Harlan dated May 22, 1874, and the middle of the street and avenues upon which the lots were bounded.   The plaintiff, having shown the writ to prove defendant's possession, rested.

The defendant, showing title, read from the partition deed to R. P. Harlan, dated May 22, 1874, already in evidence, the following clause:

" That should any of the parties hereto, owners of the said premises, desire any of the streets or avenues extending through the said premises to be opened in order to obtain access to their respective lots, the other owners shall not oppose such opening, but shall remove the fences adjoining their grounds on each of such streets, permitting free access to such grounds without demand for damages, and shall execute deeds of dedication for the said streets or avenues."

The defendant then showed a mortgage by R. P. Harlan to Abraham Ritter to secure the bond for $3,500, upon which the suit had been brought and judgment obtained, put in evidence by the plaintiff. This mortgage was not presented in the paper books, but it was said to describe the mortgaged premises as bounded by Fourth street, Duncannon and Lindley avenues, and to contain the ordinary language, " together with all appurtenances, all and singular the streets, ways, water courses," etc. The defendant followed with the record of a judgment in a scire facias upon the mortgage referred to, a sheriff's sale thereon not satisfying the mortgage, a sheriff's deed for the premises described in the mortgage executed to D. Ramsey Patterson, dated December 23, 1882, and a deed from D. Ramsey Patterson, and others, to the defendant, conveying the same premises, dated July 31, 1885. The defendant then rested and the case closed upon the evidence.

The court, REED, P. J., charged the jury as follows:

The counsel have presented me certain points, and requested me to charge you. It is my duty, therefore, to read them to you.

The plaintiff has requested me to charge you:

1. That Fourth street, Duncannon avenue, and Lindley avenue, bounding the defendant's property on the north, south, and east, not having been opened for public use, the fee thereto remained in the original owner, Richard P. Harlan, is now in the plaintiff, and your verdict must be in favor of the plaintiff.

Answer: I decline to so charge you.[1]

2. That the defendant, whose lots are not described as extend-

ing to the middle of the streets, but as bounded by the streets, the said streets being used as descriptive lines, has no title to the fee of the soil of said streets unopened and unoccupied for public use, and your verdict must be for the plaintiff.

Answer: I decline to so charge you.[2]

3. That Richard P. Harlan, the original owner, by excluding from the mortgage executed by him the description of the streets expressly mentioned in the deed to him, by clear implication reserved the fee of the unopened streets in himself.

Answer: I decline to so charge you.[3]

4. That the purchaser of the mortgaged property at sheriff's sale only took title to the property as described in said mortgage, and not to the soil of the unopened streets.

Answer: This is declined.[4]

5. That at the time of the conveyance by the plaintiff to the defendant of the properties bounded by the streets, the plaintiff, who had only the title acquired under a sale of the mortgaged property, was not the owner of the fee of the streets, and could not transmit the title to the defendant.

Answer: I decline to so charge you.[5]

6. That under all the evidence in the case, your verdict should be for the plaintiff.

Answer: I decline to so charge you.[6]

The defendant has requested me to charge you as follows:

1. The learned judge is respectfully requested to instruct the jury that under all the evidence in this case their verdict must be for the defendant.

Answer: I affirm this, and do instruct you that your verdict should be for the defendant.[7]

The jury having returned a verdict for the defendant, judgment was entered thereon, when the plaintiff took this writ, assigning as error:

1–7. The answers to the above points, respectively.[1 to 7]

*Mr. Robert H. McGrath,* for the plaintiff in error:

1. It has been well settled that a conveyance of land described as bounded on a public street or highway, does not give the grantee a title to the middle of the street, except where: (*a*) The grantor at the time of the conveyance had

Arguments.

title to the middle of the street: Paul v. Carver, 24 Pa. 207; Grier v. Sampson, 27 Pa. 190; Trutt v. Spotts, 87 Pa. 339; (*b*) and did not expressly or by clear implication reserve it: Cox v. Freedley, 33 Pa. 128; Trutt v. Spotts, 87 Pa. 339; (*c*) and the street is opened for public use and is a public highway: Cox v. Freedley, 33 Pa. 128; Spackman v. Steidel, 88 Pa. 459; Union Burial Ground Soc. v. Robinson, 5 Wh. 18; Robinson v. Myers, 17 Pa. 17; Lehigh St., 81* Pa. 85. For the dedication of land to a public use, the assent of the owner is required; user is not essential, if there is assent, but the intention to dedicate must exist: Cincinnati v. White, 6 Pet. 431; Thirty-second Street, 19 Wend. 128; Jarvis v. Dean, 3 Bing. 447.

2. It has been equally well settled that the mention of a street laid out by the municipality on its public plan, as a descriptive boundary line in a deed, is not a dedication of the land in the soil of the street to public use: Easton Bor. v. Rinek, 116 Pa. 1; Bellinger v. Union Burial Ground Soc., 10 Pa. 135; Forbes Street, 70 Pa. 125; Lehigh Street, 81* Pa. 85; Brooklyn Street, 118 Pa. 640. The Pennsylvania cases of dedication, express or implied, arising from the mention of a street as a boundary line, are cases where the street has been laid out and plotted by the property owner on his own ground, and not where laid out by the authorities on a city plan: Schenley v. Commonwealth, 36 Pa. 62; Darlington v. Commonwealth, 41 Pa. 63; Baker v. Chester Gas Co., 73 Pa. 116; Trutt v. Spotts, 87 Pa. 339; Schenley v. Pittsburgh, 104 Pa. 472; Transue v. Sell, 105 Pa. 604; Pearl Street, 111 Pa. 565.

3. As the streets were not described in the mortgage by R. P. Harlan, and were not public highways, not having been opened for public use, the fee remained in the owner and did not pass by his mortgage: Lehigh Street, 81* Pa. 85, 89; Union Burial Ground Soc. v. Robinson, 5 Wh. 18; Balt. & O. R. Co. v. Gould, 67 Md. 60 (7 Cent. R. 379); Bellinger v. Union Burial Ground Soc., 10 Pa. 135; Brooklyn Street, 118 Pa. 640. The vendee takes no other estate than that which was intended to be granted: Angell on Highways, § 141. If the mortgage had been a deed, the description would not have conveyed to the middle of the street, and it will not be contended that the mortgage conveyed more than such deed would.

4. But a mortgage, though in form a conveyance of the land, is but a mere security for the payment of money: Wilson v. Shoenberger, 31 Pa. 295; Scott v. Sample, 5 W. 53; Philips v. Bank of Lewistown, 18 Pa. 394; Lennig's Est., 52 Pa. 138; Rickert v. Madeira, 1 R. 325. A mortgagee has neither an equitable nor a legal estate in the premises; he is simply a lien creditor, a holder of a security of specific property for the payment of money: Michener v. Cavender, 38 Pa. 338; Twitchell v. McMurtrie, 77 Pa. 383; Lance's App., 112 Pa. 456. It follows, that the purchaser of the mortgaged premises at sheriff's sale, took title only to the property as described in the mortgage, with the streets as boundaries, and not to the soil of the unopened streets.

*Mr. J. B. Thayer*, for the defendant in error:

1. As between vendor and vendee, mortgagor and mortgagee, the description in the instrument of lands bounded on a highway, is a dedication, and that whether the highway be opened or not opened to public use at the time: Trutt v. Spotts, 87 Pa. 339; Lehigh St., 81* Pa. 85; Paul v. Carver, 24 Pa. 207; Cox v. Freedley, 33 Pa. 124. But as between grantor and the municipality, whose streets are described, the question of dedication and its bearing upon the right to recover damages for the opening, depends upon a totally different principle: Easton Bor. v. Rinek, 116 Pa. 1; Brooklyn St., 118 Pa. 640.

2. In the present case there is, however, an express covenant in the deed of partition, the effect of which is to dedicate to public use all the streets on the plan, whenever it may be necessary to open them. That covenant has all the elements of a covenant running with the land: Platt on Covenants, 135; Coleman v. Coleman, 19 Pa. 100; Savage v. Mason, 3 Curt. 310; it binds the assignee, though he be not named: Platt on Covenants, 466, and it is immaterial in what part of the deed it is found: Trutt v. Spotts, 87 Pa. 339; Platt on Covenants, 136. Moreover, the only difference between a deed and a mortgage is as to the equity of redemption. After foreclosure, the distinction vanishes, and the purchaser at sheriff's sale takes the title of the mortgagor, as if the mortgage had been a deed without a defeasance: Act of 1705, 1 Sm. L. 59; Hartman v. Ogborn, 54 Pa. 120.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an action of ejectment depending wholly upon documentary evidence. None of the deeds and other papers are printed in the plaintiff in error's paper book. As, however, extracts are given from the material parts, we will decide the case upon what we have before us.

The amicable partition by the heirs of Margaret Harlan recognized the streets laid down upon the city plan, but not opened. The deed of partition conveyed to Richard P. Harlan certain lots, and described them as bounded by Duncannon and Lindley avenues and Fourth street, laid out upon the city plan, but as before stated, not opened or used. In the deed the lots are described as bounded by the streets aforesaid, with the additional clause: " Together as respects each of the said lots of ground above granted and released, with its full proportion of the soil of the street or streets, avenue or avenues on which it is situated." Richard P. Harlan, being so seised, mortgaged the premises to Abraham Ritter, but without inserting in the mortgage the above recited grant of the soil. The mortgage was foreclosed and the defendant below became the purchaser at the sheriff's sale. This is his title. The sheriff's sale did not satisfy the bond accompanying the mortgage ; the assignees of the bond entered judgment thereon, took out an execution for the balance unpaid, levied upon and sold a portion of the soil embraced in said streets. The plaintiff below became the purchaser at said last sheriff's sale, and this is his title.

The court below instructed the jury to find for the defendant. In this we see no error. The sale under the mortgage passed whatever title was conveyed by the deed. The omission in the mortgage of the language above quoted from the deed possesses no significance. As the mortgage was not printed in full as it should have been, we must presume it contained the description used in all such instruments : " Being the same premises " conveyed by the deed, etc. Aside from this, the streets and ways were appurtenant to the lots conveyed, and as between grantor and grantee, mortgagor and mortgagee, passed by a conveyance of the land bounding upon them: Lehigh St., 81* Pa. 85 ; Trutt v. Spotts, 87 Pa. 339. Otherwise, we would have the anomaly of a man selling lots fronting upon certain streets, and then denying his grantee

access to his land by closing up the streets and repudiating his own grant.

We need not discuss the question how far the deed was a dedication of the street to public use, nor the extent to which such dedication would be effective without an acceptance on the part of the municipal authorities. It is sufficient to say that there was a dedication of the streets to the use of his grantees, and neither the grantor nor those claiming under him can now be allowed to repudiate such dedication.

Judgment affirmed.