# Green, Appellant, v. Green.

*Equity—Statutory liens—Defective procedure—Liens against decedent's estate—Act of June 14, 1901, P. L. 562—Married women.*

1. Where a plain statutory requirement upon which the right to acquire or continue a lien has been disregarded, the court has power to declare void the instrument which has been filed with a view to create the lien, and strike it from the record; and this rule applies in a proceeding to continue a lien against a decedent's estate under the Act of June 14, 1901, P. L. 562, but in determining whether any proceeding of such character is defective by reason of failure to comply with statutory requirements, regard must be had solely to what appears on the record.

2. A copy of a covenant relative to real estate, signed by a married woman, during the lifetime of her husband, which was prop-

erly filed and indexed in the office of the prothonotary, within two years after the death of the covenantor, is improperly stricken from the record by the court below on a petition averring that the paper filed "is not the entire agreement or covenant but that it shows upon its face that there is another agreement to which this agreement is a supplement and that said original agreement is not filed of record" and in addition that the covenant set out was signed by the covenantor "during the lifetime of her husband and as the same relates to real estate would not be binding on her or her estate," where the evidence submitted on the petition includes nothing more than a prior agreement between the parties, referred to both in the paper filed and the petition to annul, and the court below nowhere finds that the covenant set out in the paper filed is not self-sustaining, but where it appears that the covenant as filed recites so much of the earlier agreement as is necessary, in connection with the covenant itself, to inform fully all interested whether heirs or creditors, of the nature, extent and character of the demand, and that as the statement in an action brought for breach it would have answered every legal requirement.

*Equity—Cloud on title.*

3. Where invalidity of the disputed title appears upon the face of the conveyance, or in proof which the claimant is required to produce in order to establish it, no suit can be maintained in equity to set it aside, because a title obviously void does not constitute a cloud upon the title of the true owner.

4. A mere allegation of coverture is not sufficient to warrant the striking down of a record.

Argued April 17, 1912. Appeal, No. 115, Jan. T., 1911, by plaintiff, from decree of C. P. Huntingdon Co., Feb. T., 1910, No. 18, setting aside covenant filed of record in case of Hannah E. Green, Executrix, etc., under will of Joseph A. Green, deceased, v. Eliza H. Green, deceased, and Dr. Edward H. Green, Executor of Eliza H. Green, deceased. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to show cause why copy of covenant should not be stricken from the record. Before WOODS, P. J.

On the 29th of December, 1903, Eliza H. Green, wife of Edward A. Green, entered into a covenant with ap-

pellant wherein she agreed that in the event of a sale of certain lands in which both parties were interested being made for the sum of thirty thousand dollars or more, the appellant should first be paid the sum of thirteen thousand dollars less any sum that might be received by her for releases of a certain mortgage that she held against Edward A. Green. On the same day of the execution of the foregoing covenant an agreement was entered into between appellant, Eliza H. Green and Edward A. Green, her husband, J. Miles Green and F. Potts Green, executors of Joseph Green's estate, and J. Miles Green, individually, granting to Dr. Edward H. Green an option for the period of six months to sell the same lands mentioned in the covenant between Eliza H. Green and appellant, which agreement also contained a provision that appellant should receive thirteen thousand dollars less any moneys received for releases of a certain mortgage, in the event of a sale of said lands being made for thirty thousand dollars or more. Eliza H. Green died on or about August 15, 1908, and in order that appellant might obtain a lien on her real estate, a copy of her covenant with appellant, dated December 29, 1903, was filed in the Court of Common Pleas of Huntingdon County on January 18, 1910, in accordance with the Act of June 14, 1901, P. L. 562.

The copy of covenant filed by appellant made reference to the agreement granting an option to Dr. Edward H. Green.

The appellee, on Sept. 19, 1910, presented his petition, praying that the copy of covenant filed by appellant be set aside and annulled and the record thereof marked satisfied, whereupon a rule to show cause was granted. After hearing, the court below filed a decree which set aside and annulled the covenant filed by appellant, and directed the record to be marked satisfied.

*Error assigned* was the decree of court.

*R. A. Orbison* and *T. F. Bailey,* for appellant.

*James S. Woods,* with him *J. R.* and *W. B. Simpson,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 2, 1912:

It is not to be questioned that where a plain statutory requirement upon which the right to acquire or continue a lien has been disregarded, it is in the power of the court to declare void the instrument which has been filed with a view to create the lien, and strike it from the record. This power has time and again been asserted, most frequently in connection with mechanics' liens. The fact that in this case the original proceeding was not to acquire a statutory lien after the manner of a mechanics' lien, but to continue a common law lien already existing against the estate of a decedent, denotes a distinction, but a distinction which suggests no difference, or any reason for difference, so far as concerns the power of the court over its records. The right in either case is purely statutory, and if, because the instrument by which a mechanics' lien is sought does not conform to statutory requirements, the court may strike it down, it follows that where like want of conformity appears in a proceeding to continue a lien against a decedent's estate under the Act of June 14, 1901, P. L. 562, the same power inheres in the court. The power of the court is neither greater nor less in one case than in the other, and its exercise must be regulated by like rules. An established rule, too familiar to require citation of authority, is that in determining whether any proceeding of this character is defective by reason of failure to comply with statutory requirements, regard must be had solely to what appears on the record; by what there appears its sufficiency is to be adjudged, and by that alone. This rule the court below plainly disregarded. The appellant within two years after the death of Mrs. Eliza H. Green filed in the

office of the prothonotary a copy of a covenant entered into by Mrs. Green, with directions to the prothonotary to index the same in the judgment docket. The paper was filed 18th January, 1910, and was properly indexed. Thereupon, 19th September following, on petition of Dr. Edward Green, executor of Eliza H. Green, in which it was averred that the paper so filed "is not the entire agreement or covenant but that it shows upon its face that there is another agreement to which this agreement is a supplement and that said original agreement is not filed of record;" and in addition thereto, that the covenant set out "was signed by Eliza H. Green during the lifetime of her husband and as the same relates to real estate would not be binding on her or her estate," a rule issued to show cause why the copy of the covenant should not be annulled and stricken from the record. The answer averred that the paper filed "is an entire and separate covenant, and that one of the considerations passing, as appears in the said paper, was different and distinct from the consideration named in the other agreement." The evidence submitted included nothing more than a prior agreement between the parties, refered to both in the paper filed and the petition to annul, and was here introduced by deposition. The learned court, in the opinion filed in the case, nowhere finds that the covenant set out in the paper filed is not self-sustaining, but holds that to discover the intention of the parties thereto it is necessary to consider both instruments. This was simply using evidence dehors the record to discover a supposed irregularity or defect. The fact that the record makes reference to an earlier agreement does not bring such agreement upon the record, except so much of it as is recited; nor does it open up inquiry with respect to such other agreement. "We see no reason," is the deliverance of the court in a per curiam in France v. Ruddiman, 126 Pa. 257, "for departing from our numerous, well considered decisions to the effect that a judgment cannot be

stricken off for irregularity unless it appear upon the record, and the depositions taken in the court below upon a rule to open a judgment cannot be considered here." But even though it were warranted to go outside the record to solve doubt and uncertainty as to the intention of the parties as expressed in the paper, there could have been no excuse for so doing in this case. That the covenant filed is self-sustaining admits of no question. It recited so much of the earlier agreement as was necessary, in connection with the covenant itself, to inform fully all interested, whether heirs or creditors, of the nature, extent and character of the demand, and as a statement in an action brought for breach, the paper filed with the prothonotary would· have answered every legal requirement. And so it does here. The Act of June 14, 1901, simply requires in such case, in order to prolong the lien of a general debt, that there be filed with the prothonotary of the proper county and indexed in the judgment index, within two years after the death of the decedent, "a copy or particular written statement of any bond, covenant, debt or demand, when the same is not payable within the said period of two years." Every requirement was here fully met. It comes to nothing that the object in declaring void the instrument filed, and ordering it to be stricken from the record, was, as stated in the opinion filed, to remove a cloud from the petitioner's title. Relief of this kind is never given where the instrument or proceeding complained against is void on its face; nor where the instrument can be supported only as supplemented by proofs. It was because the instrument here filed, was, in the judgment of the court, incomplete, and could not be made enforceable as a lien except as supported by something outside the record, that the present order appealed from was made. As we have said, we cannot agree to this view; but even were it correct it would not warrant the relief prayed for. "Where invalidity of the disputed title appears upon the face of the con-

veyance, or in proof which the claimant is required to produce in order to maintain an action to establish it, no suit can be maintained in equity to set it aside, because as it is said, a title obviously void does not constitute a cloud upon the title of the true owner:" Beach's Modern Equity Sec. 509.

If the fact that the covenantor was a married woman contributed to the court's conclusion, it is only necessary to show how immaterial the fact was in this connection, to refer to the case of Adams v. Grey, 154 Pa. 258, where an allegation of coverture was held insufficient to warrant the striking down of a record.

We decide nothing with respect to this case except that the paper filed shows no defect on its face. It follows that it was error in the court to enter the decree appealed from. The assignment of error is sustained and the decree reversed.