## Green, Appellant, v. Green.

*Decedents' estates—Lien of debts—Act of June 14, 1901, P. L. 562—"Covenant"—Rule against perpetuities—Parol evidence rule —Contract by married woman—Judgment for plaintiff n. o. v.*

1. The word "covenant" in the Act of June 14, 1901, P. L. 562, providing that debts of a decedent, unless secured by mortgage or judgment, shall not remain a lien on the real estate longer than two years, unless suit be brought for the recovery thereof within

that period, or unless "a copy or a particular written statement of any bond, covenant, debt or demand, where the same is not payable within the said period of two years," be filed in the office of the prothonotary of the county where the real estate is situated, means a written agreement between two or more parties under seal. Language showing an intent of the parties to bind themselves to do or not to do a certain thing is sufficient, and no technical or formal words are required.

2. The rule against perpetuities has no application to present vested interests. It is directed solely against future contingent interests, and aims to prevent the placing of restraint on the free alienation of property within a certain reasonable period.

3. A contract which merely creates a claim on the proceeds of real estate and not on the property itself, although the sale may not take place for a long period of time, is not subject to the rule against perpetuities.

4. In a proceeding to continue the lien of a covenant against a decedent's estate, it appeared that decedent in her lifetime had executed the agreement which stipulated that a specified sum from the proceeds of the sale of certain real estate in which decedent held an interest, should be paid to plaintiff when the sale of such property took place, but designated no time within which the sale was to be consummated. The agreement was signed and witnessed, and was executed contemporaneously with an agreement between all interested in such property and a third person, giving the latter an option on the property. This option expired without being exercised at the end of a year. The lower court directed a verdict for the defendant on the ground that the covenant was not such as could be made a lien on real estate under the Act of 1901, and the contract was void under the doctrine of perpetuities. *Held,* (1) the agreement was a covenant such as could be made a lien against the estate, (2) the rule against perpetuities was not applicable, (3) there was ample consideration, and (4) plaintiff was estopped from claiming title to the land.

5. In such case there is no merit in the contention that the agreement contemporaneously executed modified the covenant where an inspection of the former shows that it was limited to six months with a renewal for six months, and was terminated without being exercised at the end of the year.

6. In such case where the option agreement recited the conveyance of the property to decedent's husband plaintiff was properly allowed to offer evidence to show that a change was made in the agreement and that the property was thereafter conveyed to the decedent. The parol evidence rule does not apply where the agreement proposed to be changed is not directly in issue.

7. In such case there was no merit in the contention that the decedent, being a married woman at the time the covenant was signed, was without power to execute it without the consent of her husband and his joinder therein, where the agreement was not in its nature one which created an interest in realty, and did not, except by virtue of the said Act of 1901, become a lien on the real estate. Under the various acts of assembly beginning with the Act of April 11, 1848, P. L. 536, every restriction imposed by the common law on the power of a married woman to contract has been removed except in two cases: (1) she cannot become an accommodation endorser, maker, surety or guarantor for another, and (2) she cannot convey or mortgage her real estate without the joinder of her husband.

Argued April 19, 1916. Appeal, No. 445, Jan. T., 1915, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1914, No. 7, on directed verdict for defendant in case of Hannah E. Green, Executrix of and Sole Legatee under the will of Joseph A. Green, deceased, v. Eliza H. Green, deceased, and Edward H. Green, Executor of Eliza H. Green, deceased, with notice to Edward H. Green, terre tenant, the following known heirs of John Houghton, deceased, viz: Edward H. Green, Catharine Rosa Green, H. L. Atkinson, Beulah Wilson, Mame T. Ames, and Ford Houghton and other heirs of John Houghton, deceased, to the Plaintiff unknown, devisees under the will of Eliza H. Green, deceased, Geo. W. Wright, guardian ad litem for Catharine Rosa Green, minor child of Edward H. Green. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Reversed.

Scire facias to continue lien of a covenant against a decedent's estate. Before WOODS, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court directed a verdict for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in refusing plaintiff's motion for judgment n. o. v.

*R. A. Orbison,* for appellant.—The agreement was a covenant within the meaning of the Act of June 14, 1901, P. L. 562.

The covenant did not violate the rule against perpetuities: Philadelphia v. Girard's Heirs, 45 Pa. 9; Gerber's Est., 196 Pa. 366.

*James S. Woods,* for appellee.—The contract was not a covenant within the meaning of the Act of June 14, 1901, P. L. 562.

The contract violated the rule against perpetuities: Barton v. Thaw, 246 Pa. 348.

OPINION BY MR. JUSTICE FRAZER, October 2, 1916:

Joseph Green, Edward A. Green and J. Miles Green were at one time owners of what are known as the Mill Creek and Furnace properties in Huntingdon County. To provide for the liquidation of certain encumbrances against the properties and settle all disputes and perfect the titles an agreement in writing was entered into, dated December 29, 1903, by all parties in interest, which provides for the execution of certain deeds and the satisfaction of certain liens. At the same time Eliza H. Green, wife of Edward A. Green, executed the following instrument under seal: "Whereas an agreement in writing had been entered into between Mrs. E. H. Green of Mill Creek, Pa., and Edward A. Green, her husband, of the first part, Hannah E. Green, executrix of Joseph A. Green, dec'd, and sole legatee under his will, J. Miles Green and F. Potts Green, executors of Joseph Green, dec'd, and J. Miles Green, individually, of the second part, Dr. Edward H. Green of the third part and K. A. Lovell of the fourth part, bearing date the 29th day of December, 1903, wherein an option has been granted to Dr. Edward H. Green on the Mill Creek and Furnace properties situate in the County of Huntingdon, Pa., for six months at the price of $30,000, which said agreement provides that in the event of a sale of the real estate

therein mentioned, Thirteen thousand dollars, less any moneys received by said Hannah E. Green, executrix, etc., for releases of a certain mortgage held by her against said Edward A. Green, shall be first paid to her in satisfaction of the debt, interest and costs of a certain mortgage and two judgments mentioned in said agreement; And whereas the said Hannah E. Green, executrix, etc., as aforesaid, has conveyed to Eliza H. Green, by assignment of deed, five acres of land situate in Brady Township, Huntingdon County, Pa., having erected thereon a two story frame house known as the Mansion House, also a tract of thirteen acres of land in said Township of Brady and has released the same from the lien of a certain mortgage held against said Edward A. Green: Now, know all men by these presents that I, Eliza H. Green, wife of Edward A. Green, for and in consideration of the premises as well as the sum of One Dollar to me in hand paid by said Hannah E. Green, executrix of Joseph A. Green, dec'd, and also sole legatee under his will, do hereby agree that in the event of a sale not being consummated by Dr. Edward H. Green under the foregoing recited option to him, and that if a sale of the Mill Creek and Furnace properties mentioned in said option shall be made hereafter for the sum of Thirty thousand dollars or more, then the same amount as is provided in said recited option to Dr. Edward H. Green shall be paid from the proceeds of such sale, to said Hannah E. Green, executrix and sole legatee as aforesaid, her heirs and assigns, to be applied to the extinguishment of those two certain judgments entered in the Court of Common Pleas of Huntingdon County, Pa., in which said Hannah E. Green, executrix, is plaintiff, viz, No. 66, May Term, 1901, and No. 67, May Term, 1901, or the revivals thereof, and also in extinguishment of a certain mortgage now held by said Hannah E. Green, executrix, against Edward A. Green, recorded in the Recorder's Office of Huntingdon County aforesaid in Mortgage Book No. 4, page 32, etc."

Eliza H. Green died in 1908, no sale having been made of the land in the meantime, and, to obtain a lien on her real estate, a copy of her agreement of December 29, 1903, was filed in the Court of Common Pleas in accordance with the provisions of the Act of June 14, 1901, P. L. 562. Subsequently upon petition of Dr. Edward H. Green, a son and executor of Eliza H. Green, the court below entered an order striking off the agreement or covenant, which action, on appeal to this court, was reversed on the ground that the paper, as filed, was self-sustaining: Green v. Green, 237 Pa. 71.

The present proceeding is a scire facias to continue the lien of the covenant against the Estate of Eliza H. Green. On the trial plaintiff offered in evidence the record of the lien proceedings under the Act of 1901, the record of the writs to revive the lien, and the original agreement or covenant, and rested. Defendant then offered in evidence the agreement signed contemporaneously with, and recited in, the covenant, and also a copy (which plaintiff agreed should be treated as the original) of a release of the mortgage mentioned in the covenant, for the purpose of showing (1st) that the latter was not the entire agreement between the parties, and (2d) to show the covenant was without consideration, since when Eliza H. Green signed the paper she did so with the understanding that certain property should be deeded to her released from the lien of a certain mortgage, whereas the option agreement, signed by plaintiff, shows she was to deed that property to Edward A. Green, the husband of Eliza H. Green, and that the release was to Edward A. Green and not to Eliza H. Green. Plaintiff in rebuttal, under objection, offered evidence to the effect that the option agreement was prepared first by K. A. Lovell, Esq., and before its execution Mrs. Green insisted that the deed should be assigned to her, as stated in the covenant, which was accordingly done, although "the option agreement was not changed to suit the circumstances as they were actually carried out." Defendant in sur re-

buttal called Dr. Edward H. Green, executor of Eliza H. Green, who testified that no conveyance of the property was found among her papers. The trial judge affirmed defendant's first point for charge to the effect that the paper was not such as is contemplated by the Act of 1901, and the fifth point to the effect that the agreement was void as a restraint on alienation and a violation of the rule against perpetuities and directed a verdict in favor of defendant. Hannah E. Green, executrix, took this appeal. Appellant's statement of the questions involved contains two questions of law, first, whether the covenant in this case is such as may be made a lien on real estate under the Act of 1901, and, second, whether the covenant is void under the doctrine of perpetuities.

The Act of June 14, 1901, P. L. 562, provides that debts of a decedent, unless secured by mortgage or judgment, shall not remain a lien on the real estate longer than two years, unless suit be brought for the recovery thereof within that period or unless "a copy or a particular written statement of any bond, covenant, debt, or demand, where the same is not payable within the said period of two years," be filed in the office of the prothonotary of the county where the real estate is situated. The word "covenant," as generally used, means a written agreement between two or more parties under seal: 11 Cyc. 1042. No particular form of words is necessary to constitute a covenant. Language showing an intent of the parties to bind themselves to do or not to do a certain thing is sufficient, and no technical or formal words are required by law: Christine v. Whitehill, 16 S. & R. 98; Taylor v. Preston, 79 Pa. 436; Trutt v. Spotts, 87 Pa. 339; 7 R. C. L. 1058. The act uses the word "covenant" without restriction or limitation, and the agreement in question is certainly a covenant within the broad meaning of that word. It is duly signed, sealed and witnessed, and on its face is a valid agreement, and falls directly within the letter and spirit of the act: Green v. Green, 237 Pa. 71. An inspection of the option agree-

ment shows it was limited to six months with a renewal for six months.   At the end of a year the agreement was terminated and it has now no existence..   It cannot therefore be held to modify the existing covenant.

We see nothing in the covenant of Mrs. Green which tends to prevent the free alienation of the land so as to bring the case within the rule against perpetuities.   That rule has no application to present vested interests.   It is directed solely against future contingent interests and aims to prevent the placing of restraint on the free alienation of property within a certain reasonable period: Johnston's Est., 185 Pa. 179.   The agreement made by Mrs. Green is a present covenant to pay the amount stipulated out of the proceeds of the sale of the property if and when sale should be made.   There is no attempt to tie up the title by preventing the free alienation of the property.   On the contrary the parties contemplated an early sale.   While it is true the agreement may not be carried out for a long period of time, this in itself does not make it contingent in the sense of being a contingent interest in the property.   The contract merely created a claim on the proceeds of the property and not on the property itself.   The case of Barton v. Thaw, 246 Pa. 348, relied on by the defendants and by the court below, does not apply.   That was a grant of an option to purchase real estate unlimited as to time and consequently having the direct effect of tying up the title to the property and preventing its sale, unless by or with the consent of the optionee.   The agreement here in question is not an option to either purchase or sell, unlimited as to time, but merely a personal covenant to pay a certain sum out of the proceeds if and when the property is sold.

In view of this disposition of the principal questions raised by appellant, it seems proper to consider certain other questions appearing in the record and discussed by counsel for defendant, although not raised, as they

should be, by a counter-statement of the questions involved.

It is argued that the covenant of Mrs. Eliza H. Green was without consideration because the option agreement first signed recites the conveyance of the property to Edward A. Green, her husband. Plaintiff offered evidence to show a change was made in the agreement. It was objected to as being an attempt to vary the terms of the writing without alleging fraud, accident or mistake. The agreement proposed to be changed was not directly in issue, however, and the parol evidence rule would therefore not apply: Curtin v. Peoples Nat. Gas Co., 233 Pa. 397; Alexander v. Righter, 240 Pa. 22. In addition to this, the agreement is under seal, recites the conveyance of the property to Eliza H. Green, and is made "in consideration of the premises as well as the sum of one dollar to me in hand paid." The executor of Eliza H. Green was called to show that no conveyance of the property was found among her papers and it was argued from this that no such conveyance was in fact made. The mere fact of absence of such paper at that time is not sufficient to warrant an inference that no conveyance had been executed, in view of the recital to the contrary in the agreement, supported by the uncontradicted evidence of the attorney who prepared and had it signed. Moreover, the estate of Joseph A. Green is estopped from claiming title to the land, and the same may be said as to the release of the mortgage.

It is also objected that Eliza H. Green, being a married woman at the time the covenant was signed, was without power to execute a paper of this kind unless with the consent of her husband and his joinder therein. As has already been pointed out, the agreement was not in its nature one which created an interest in realty, nor did it, except by virtue of the act relating to debts of decedents, become a lien on the real estate. It is merely a personal covenant entered into pursuant to a family settlement of a dispute which had existed for a number of years and

clouded the title to the properties, as recited in the option agreement. All parties concerned were interested in the property covered by the option agreement, disputes and litigations had arisen, and the object of the agreement was an amicable adjustment of the various claims and liens. The recited conveyance to Mrs. Green was made with the understanding that certain obligations were to be assumed as part of the transaction, consequently there is no merit in the contention that Mrs. Green was guaranteeing the debt of another. Under the various acts of assembly in this State beginning with the Act of 1848 and extending down to recent years, every restriction imposed by the common law on the power of a married woman to contract has been removed except in two cases: (1) she cannot become an accommodation endorser, maker, surety or guarantor for another, and (2) she cannot convey or mortgage her real estate without the joinder of her husband: Peter Adams Paper Co. v. Cassard, 206 Pa. 179. The transaction in this case does not fall within either exception.

The assignments of error are all sustained and the judgment is reversed, and judgment is directed to be entered for plaintiff n. o. v.